UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DWAYNE POSTELL

VERSUS

GERALD R. LANE, ET AL

CIVIL ACTION

NUMBER 12-527-BAJ-SCR

**RULING ON MOTION TO QUASH SUBPOENA**

Before the court is the Plaintiff Dwayne Motion to Quash Subpoena. Record document number 40. The motion is opposed.[1]

Defendants Gerald R. Lane and Gerry Lane Enterprises, Inc., issued a subpoena to AT&T Mobility, LLC to obtain the plaintiff's cellular phone records, including call details and text details, for the period covering January 1, 2013 through June 30, 2013. Plaintiff moved to quash the subpoena on two grounds: the records are protected by the attorney-client privilege and they are not relevant. Defendants opposed the motion on three grounds: plaintiff does not have standing to move to quash the subpoena, plaintiff waived the attorney-client privilege as to the records sought, and the records are relevant.

Plaintiff has standing to move to quash the subpoena. While the records sought are the property of At&T Mobility, they are records of the plaintiff's private activities. Plaintiff has a personal interest in the disclosure of records which reveal the

---

[1] Record document number 43.

details of who he called/texted, who called/texted him, and the content of the text messages.

Plaintiff's attorney-client privilege argument is unpersuasive. First, he did not assert the privilege as to the same records when they were sought from him directly, thereby waiving the privilege. Even it was not waived, he did not support his later assertion of the privilege as required by Rule 26(b)(5), Fed.R.Civ.P. As to call records (call date/time/duration and the number called), the plaintiff has not shown that this information is privileged. As to text messages, the plaintiff has not shown that any specific text message contains any information which would be protected as an attorney-client communication. Plaintiff's assertion that some text messages may contain privileged information is not sufficient to support the privilege.

Plaintiff's relevancy argument is persuasive. Defendants' argument is based on the speculative premise that he communicated via his cellular telephone with co-workers, other plaintiffs and other non-lawyers about his working conditions or termination. Defendants argued that they "are entitled to discover whether Plaintiff was communicating with any other individual currently in litigation against them," that "[t]here may be information in these records relevant to the claims of constructive discharge and allegations that Plaintiff made complaints of discrimination to his supervisors." But the defendants have not shown that any such

2

communications ever occurred; defendants want to go through the plaintiff's cellular telephone records to find out if they did. This is more like a fishing expedition than discovery reasonably calculated to lead to the discovery of admissible evidence.

Accordingly, the Plaintiff Dwayne Postell Motion to Quash Subpoena is granted and the defendants' subpoena issued to At&T Mobility, LLC is quashed.

Baton Rouge, Louisiana, September 24, 2013.

                                  STEPHEN C. RIEDLINGER
                                  UNITED STATES MAGISTRATE JUDGE